IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DEWAYNE CORNELL JACKSON,  :
                                 :

           Plaintiff,      :

                                   :       Case No. 3:26-cv-00047-TES-AGH

      v.                 :

                                   :

GEORGIA DEPARTMENT OF      :
COMMUNITY SUPERVISION,       :

                                   :

           Defendant.    :

                                   :

## ORDER

*Pro se* Plaintiff Dewayne Cornell Jackson, an inmate in the Walton County Jail in Monroe, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. On May 26,2026, Plaintiff was ordered to recast his complaint and to pay the filing fee or request leave to proceed *in forma pauperis* ("IFP"). ECF No. 4. Plaintiff has filed a recast complaint (ECF No. 5), supplements to his complaint (ECF Nos. 7, 8, 9, 10, 11), and a motion to proceed IFP (ECF No. 6). For the reasons set forth below, Plaintiff's motion to proceed IFP (ECF No. 6) is **GRANTED** and this civil action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 6. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's

account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.   Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.   Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP.   28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250,

3

1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

4

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Plaintiff's Allegations

Plaintiff's only allegation in his recast complaint is that "they told inackrit answers to the valation – what happened and why." ECF No. 5 at 5.[1] In his first supplement to his recast complaint, Plaintiff states that he needs the district court to place a love offering or tithes to Emmanuel Church for one zillion dollars. ECF No. 7. Plaintiff's second supplement is difficult to decipher but it appears Plaintiff is requesting a truckful of beer, "USA Today", 1.5 million dollars' worth of McDonald's, hotel rooms, a house, and more.   ECF No. 8. In his third supplement, Plaintiff requests that the Court pay "three [point] five-hundred zillion dollar" to improve "the contents of United States, Can[a]da

---

[1] Plaintiff's recast complaint (ECF No. 5) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that an amended complaint generally supersedes and replaces the original complaint); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial application for a writ of mandamus since initial application "would have been superseded by the amended application for a writ of mandamus" filed subsequently).

5

and South America" as well as some Georgia counties and to "tell them Dewayne Cornell Jackson? sent it and get ready for a wedding at home church of St. Albens or Emmanu Church." ECF No. 9. In the fourth supplement, Plaintiff states he needs to go to Home Depot or Lowes to pick up the material to build a granite stone mansion and he needs four vehicles of which he prefers a Hummer, BMW, GMC truck, VW, or Toyota Highlander. ECF No. 10. Plaintiff's latest supplement is also difficult to decipher but it appears that Plaintiff again states that he is building a mansion and that he needs "marines and or Lowes and Home Depot to[] build [the mansion] and them four or five vehicles [he] asked for." ECF No. 11 at 1. He further states that he received a letter honoring him "on the American 250 holiday" and he sent them his last fifty dollars "thinking [he] was going too loss [his] rank, bye not showing up on the reword sacikermoins? by President Joseph Biden and King Chris and the New Zealand Army." *Id.* Plaintiff claims he should get whatever he asks for as "a member or employee of the ?CIA and Congress" and that he plans "on taking the bench on Judge of Griffin, Georgia 30223 because they do not have a judge on not one of the three levels of Court." *Id.* at 1– 2. He also claims the Pope told him to say he was confirmed as a Catholic in 2026 and that Fox News stated he had "been out of work locked up so long." *Id.* at 2. He then discusses all the colleges he has attended from 2009 to 2020, that he is 37 years old, that he will be president at age 43, that he should be governor of Georgia, that "since 2016 [he has] did over 36 year[s] of jail time t[w]o for one", and "all of [his] record have resort to

6

elegal lockups." *Id.* at 3. Plaintiff's signature line designates him as "Congressman".[2] *Id.*

    III.    <u>Plaintiff's Claims</u>

Plaintiff names the Georgia Department of Community Supervision as his Defendant. ECF No. 5 at 1. However, the Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies, such as Georgia Department of Community Supervision, regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted) ("a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the State" are not considered "persons" capable of being sued under § 1983); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989); *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 794 (11th Cir. 2005) (citations omitted) ("Under Georgia law, Probation is part of the Department of Corrections. O.C.G.A. § 42-8-43.1. Accordingly, the district court was correct to conclude that the claims against Probation were barred by the Eleventh Amendment."). Thus, Plaintiff's civil action is subject to dismissal for naming a Defendant who is immune to § 1983 lawsuits.

---

[2] In his motion to proceed IFP, Plaintiff states he is also employed as "Cheif (sic) of Staff/ Housespeaker" and that he earns "6 million or 1.5 a week as house speaker [and] cheif (sic) of staff 200 million a week." ECF No. 6 at 1.

Even if Plaintiff had named a Defendant not immune to § 1983 liability,[3] this civil action would still be subject to dismissal. The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id.* at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

The violations of which Plaintiff complains and the relief he seeks are predicated upon contentions that are "fanciful, fantastic, irrational, and/or delusional." *See Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Thus, even when construed liberally and in his favor, Plaintiff's complaint is "without arguable merit either in law or fact", fails to satisfy the minimal standards of rationality required at the preliminary screening stage, and is subject to immediate dismissal. *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32-33); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)) ("A claim is frivolous if it is without arguable merit either in law or fact.").

---

[3] At one point in the recast complaint, Plaintiff also lists "Brown/ Thomas" as a Defendant.   ECF No. 5 at 4.   Plaintiff provides no description whatsoever of who or what "Brown/ Thomas" may be in any of his filings before the Court.   *See* ECF Nos. 1, 3, 5, 6, 7, 8, 9, 10, 11.

8

District courts are vested "with broad discretion in determining whether to dismiss an action as frivolous or malicious....". *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Phillips v. Mashburn*, 746 F.2d 784–85 (11th Cir. 1984) (per curiam) ("Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."); *Bilal*, 251 F.3d at 1348–49 (stating that "[a] determination of frivolity is best left to the district court"). Furthermore, district courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke*, 490 U.S. at 327) (finding that a district court "may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless'"). This case qualifies for such treatment. Accordingly, Plaintiff's complaint is **DISMISSED without prejudice** as frivolous under 28 U.S.C. § 1915A(b)(1).

IV.   Conclusion

For the reasons set forth, Plaintiff's motion to proceed IFP (ECF No. 6) is **GRANTED** and this civil action is **DISMISSED without prejudice** pursuant to § 1915A(b)(1) as frivolous.

**SO ORDERED**, this ____ day of July, 2026.

9

Tilman E. Self, III.
United States District Judge

10